UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Stephen Miner

    v.                          Civil No. 06-cv-315-PB

New Hampshire State Prison,
Bruce Cattell, Warden

**REPORT AND RECOMMENDATION**

Pro se plaintiff Stephen Miner ("Miner") filed a motion for a preliminary injunction as part of his Complaint (doc. no. 1), which has come before me for a recommendation of disposition. Ordinarily, before any action is taken on a pro se complaint, it is subject to preliminary review to determine, among other things, whether a claim for relief has been stated. See 28 U.S.C. § 1915A; see also U.S. District Court for the District of New Hampshire Local Rule 4.3(d)(2). In this matter, Miner claims to need emergency medical care, which resulted in the expeditious scheduling of a hearing to determine whether Miner was threatened with irreparable harm to justify the injunctive relief sought. A hearing on the matter was held on September 22, 2006, at which Miner testified, along with several officials from the New Hampshire Department of Corrections who work at the New Hampshire State Prison ("NHSP") where Miner is incarcerated. Based on the

evidence presented, I conclude Miner has not demonstrated a need for a preliminary injunction and recommend that his motion be denied.

## Discussion

Preliminary injunctive relief is available to protect the moving party from irreparable harm, so that he may obtain a meaningful resolution of the dispute after full adjudication of the matter. Such a situation arises when some harm from the challenged conduct could not be adequately redressed with traditional legal or equitable remedies following a trial. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F,3d 12, 18 (1st Cir. 1996) (finding irreparable harm where legal remedies are inadequate); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3rd Cir. 1994)(explaining irreparable harm and its effect on the contours of preliminary injunctive relief)[1]. Absent irreparable harm, there is no need for a preliminary injunction.

---

[1] "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Acierno,40 F.3d at 653.

The need to prevent irreparable harm exists, however, to enable the court to render a meaningful disposition on the underlying dispute.  See CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620-1 (1st Cir. 1995)(explaining the purpose of enjoining certain conduct as being to "preserve the 'status quo' . . . to permit the court more effectively to remedy discerned wrongs"); see also Becton v. Thomas, 48 F. Supp. 2d 747, 753 (W.D. Tenn. 1999) ("'The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.'" (quoting Stenberg v. Cheker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978)).  The court's focus, therefore, must always be on the underlying merits of the case, and what needs to be done to ensure that that dispute can be meaningfully resolved.

A preliminary injunction cannot issue unless the moving party satisfies four factors which establish its need for such relief.  See Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zavas, 445 F.3d 13, 17-18 (1st Cir. 2006) (discussing the requisite showing to obtain a preliminary injunction); see also Ross-Simons of Warwick, Inc., 102 F.3d at 18-19 (explaining the burden of proof for a preliminary injunction).  Those factors

are: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Esso Standard Oil Co., 445 F.3d at 18.  If the plaintiff is not able to show a likelihood of success on the merits, the remaining factors "become matters of idle curiosity," id., insufficient to carry the weight of this extraordinary relief on their own. See id. (the "sine qua non of the four-part inquiry is likelihood of success on the merits").  Yet, "the predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem." Ross-Simons of Warwick, Inc., 102 F.3d at 19

In this action, Miner seeks relief under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment, based on allegations that the NHSP has failed to provide him with adequate medical care[2], and under Title II of the American Disabilities Act, 42 U.S.C. § 12131,

---

[2] Miner also asserts that this treatment violates his Fourteenth Amendment rights; however, as explained herein, I recommend Miner's complaint be dismissed so I need not address the viability of his alleged Fourteenth Amendment claim.

4

based on the same alleged mistreatment.  Miner admitted he has not exhausted his administrative remedies, which is a condition precedent to pursuing these claims in federal court.  See 42 U.S.C.A. § 1997e(a)(2003); see also Porter v. Nussle, 524 U.S. 516, 532 (2002) (holding that exhaustion applies to all inmate suits about prison life).  While his failure to exhaust may indicate that injunctive relief should be denied because he would be unlikely to succeed on the merits of his underlying suit, when, as here, the plaintiff claims emergent need for medical attention, the court may consider those claims in determining the risk of irreparable harm independent of the exhaustion requirement.  See e.g. Tvelia v. Dept. of Corrections, Civ. No. 03-537-M, 2004 WL 298100, *2 (D.N.H. Feb. 13, 2004) (citing authority to uphold the federal court's inherent ability to enjoin conduct "plainly violative of an inmate's constitutional rights").

Miner seeks injunctive relief while he pursues the available administrative processes, claiming he will be irreparably harmed without it.  Specifically, he seeks (i) an appointment with a pain specialist, (ii) to be moved to a housing unit that is wheelchair accessible and (iii) to be protected from retaliation.

After carefully considering the arguments and evidence before me, however, I cannot find a risk of imminent irreparable harm to justify granting Miner the relief sought while he exhausts his administrative remedies.

Nothing in the record supports his contention that he is in need of immediate protection or any other type of expedited relief.  Miner clearly has serious medical problems, caused by a head-on motor vehicle collision in May 1997.  As a result of that accident, Miner continues to suffer from numerous orthopaedic complications.[3]  The evidence presented showed he has received extensive medical attention since his arrival at the NHSP on July 25, 2006.  Though Miner challenged the frequency and type of pain medication he was receiving, the evidence showed he receives

---

[3]Among other limitations, Miner can walk only short distances, with the aid of a cane and an elevated shoe, but otherwise needs a wheelchair for ambulation.  He takes medication for his chronic pain, several times a day.  And he would like additional surgery, to replace a "missing" hip and to repair a fractured rod in one arm, which are both lingering problems from the crash.  There was persuasive evidence that the hip surgery would not improve Miner's health, but, to the contrary, presented a good risk of complicating it.  On the other hand, the scant record before me fairly clearly indicated Miner is in need of medical care for the fractured rod in his arm.

"Ultrim," a non-narcotic medicine, three times a day.[4]  It was undisputed that Miner is being housed on the ground floor of a unit that is designed to be handicap accessible and which, in fact, holds other inmates who require wheelchairs and other special services.  Finally, while Miner claimed he is being retaliated against, there simply was no evidentiary or documentary support for this allegation.  To the contrary, several witnesses testified on behalf of the state regarding the care and attention they have given Miner, in an effort to accommodate his medical needs, which I found to be consistent and credible.  This evidence simply does not carry the weight of the extraordinary relief sought.

## Conclusion

Since Miner failed to demonstrate any risk of irreparable harm and is unlikely to succeed in this action because he has not exhausted his administrative remedies, I cannot find any basis to justify recommending a preliminary injunction.  I, therefore,

---

[4] Miner complained that he is not receiving the same narcotic drugs he had been prescribed before his incarceration; however, testimony at the hearing provided ample, legitimate reasons for the NHSP decision to prescribe this alternative medication.  I am persuaded that Miner's pain is being managed adequately.

recommend that his motion for preliminary injunctive relief be denied.  I further recommend that this action be dismissed, without prejudice, until Miner completely exhausts his administrative remedies.  See 42 U.S.C. § 1997e(a) (requiring exhaustion of all administrative remedies as are available prior to bringing suit in federal court challenging prison conditions); Porter, 534 U.S. at 532 (same); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006) (citing authority to explain that § 1997e(a) requires exhaustion *before* commencing suit).

   Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:  September 25, 2006

cc:   Mary E. Maloney, Esq.
      Stephen Miner, *pro se*